### Downs and Others *v.* Downs.

Where an amended complaint has been filed, the original complaint should not be included in a transcript of the record, on appeal.

A recital, in a bill of exceptions, that "this was all the *testimony* given in the cause," is not within rule 30 of this Court; the word "testimony," not being synonymous with "evidence."

When the widow of a decedent has obtained an order of the proper Court, vesting the estate of her deceased husband in her, the same being appraised at less than $300, she is entitled to sue for, and recover, all debts due the decedent, and to the possession of all property belonging to such estate ; and it is not material that the assets, in fact, exceed $300 in value, so long as the order of the Court remains in force.

APPEAL from the *Sullivan* Common Pleas.

WORDEN, J.—Action by the appellee, against the appellants. Issue; trial by jury; verdict and judgment for the plaintiff, for $130.

*Wednesday, November 27.*

The appellants assign errors, among other things, upon various rulings of the Court upon demurrers. The record, as well as being somewhat confused, is voluminous, and contains much matter that is improperly here. There were various pleadings filed, including several amended complaints, the Court holding, on demurrers to the answers, that the several complaints were bad. Finally, an amended complaint was filed, which alone stated the plaintiff's cause of action, and formed the basis of her recovery. To this complaint, as we understand the record, no demurrer was filed, nor any other pleadings, except the general denial. Hence, no question arising on the pleadings is presented for decision. The several pleadings, previous to the last amended complaint, should not have been included in the transcript. Code, § 559. But as the judgment will have to

be affirmed at the appellants' costs, we shall make no order in respect to the costs of the transcript.

The defendant moved for a new trial, for five several reasons, the first, second and fifth of which, relate to the sufficiency of the evidence to sustain the verdict. The third was, that the Court erred in giving instructions, and the fourth, that the Court erred in refusing to instruct as asked.

The evidence is not all in the record; hence, no question arises as to the sufficiency thereof. A bill of exceptions, after setting out certain evidence, states that it was all the "*testimony*," &c. This is not in compliance with the 30th rule. It has been held in several cases, that "testimony," is not synonymous with " evidence."

We do not find that any exceptions were taken to instructions given by the Court.

The instruction asked, and refused, is as follows, viz., "If the plaintiff has not proved that the property set forth in her inventory has increased in value, since said inventory was made, but if it appears from the evidence that the interest she claimed in the mill, as set forth in the declaration, was worth as much when the inventory was made, as it is now, then the plaintiff is estopped, and can not recover more than will make up the amount of her inventory to $300."

In order to understand the relevancy of this instruction, it may be stated that the plaintiff is the widow of *John Downs*, deceased. That after the death of her husband, she instituted proceedings in the proper Court to have his property delivered over to her, the same not amounting to $300 in value; which, after due inventory and appraisement of the property, amounting to $265.07, was ordered by the Court. This suit is brought against the defendants, alleging that the deceased had an interest, as a partner with the defendants, in a certain saw and grist mill, &c. The interest of the deceased in the mill property was inventoried, and appraised at $40.

It is claimed by the appellants, that the widow could only recover enough, in addition to any increased value of the

claim sued upon, to make up, with what she had already received, her $300.

The statute makes ample provision for any creditor, heir, or legatee of the deceased to appear, before the order for the delivery of the property to the widow shall be made, and show that the property has been improperly valued, or that there was property not embraced in the inventory, and have a re-appraisement, and such order as may be right in the premises. 2 R. S. 1852, § 135, p. 279. Whether the order, after having been made, could be set aside on a proper showing, and administration granted, is a question upon which we need express no opinion. Until such order is set aside, it enables the widow "to sue for and recover all debts due the decedent, and to the possession of any property belonging to such estate." *Id.* § 136. In our opinion, it is not material that the property, or the claims so ordered to be delivered to the widow, may exceed, in point of fact, the appraised value, or $300. She is entitled to recover whatever there may be of property or debts, by virtue of the order of the Court, and that right can not be taken from her, except by setting aside the order.

The instruction asked was correctly refused.

We have thus noticed all the points that arise in the record, and find no error for which the judgment should be reversed.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Scott, Neff* and *Gunn,* for the appellants.

*S. Coulson,* for the appellee.