## HOLDRIDGE *v.* SWEET.

ASSIGNMENT OF MORTGAGE—PARTIES.—In an action to foreclose a mortgage given to secure the fulfillment of the conditions of a bond, where the mortgage had been assigned by indorsement, but no transfer had been written on the bond, and the assignor was not made a party, a demurrer to the complaint for defect of parties should have been sustained.

WRITTEN INSTRUMENTS—COPIES.—Where the original complaint contains copies of the written instruments on which suit is brought, but the amended complaint, which is complete in itself, does not refer to the former papers filed, and, although it professes to give copies of such papers, is accompanied by no such exhibits, a demurrer should have been sustained.

APPEAL from the *Steuben* Common Pleas.

RAY, CH. J.—This action was brought by the appellee to foreclose a mortgage given to secure the fulfillment of the conditions of a bond. The mortgage had been assigned by indorsement thereon, but no transfer had been written upon the bond. The assignor was not made a party, and appellant filed his demurrer for that cause, which was overruled and excepted to. This was error. See *French* v. *Turner*, 15 Ind. 59.

Another cause of demurrer, also overruled and excepted to, was that the complaint did not give a copy of the mortgage and the bond. The complaint, as originally filed, contained such copies, but a demurrer was sustained to it by the court, and afterward the record states the filing of an "amended complaint." This amended complaint is complete in itself, and does not refer to the former paper filed, and although it professes to furnish copies of the mortgage and bond, no such exhibits accompany it. The statute directs that the clerk shall not certify "any pleading first filed, when there is an amended pleading of the same matter subsequently filed, embracing all the pleadings first filed, and the amendments thereto; but shall certify such amended pleading only." 2 G. & H., p. 273, sec. 559. See, also, *Downs and Others* v. *Downs*, 17 Ind. 95. The demurrer should have been sustained.

This cause must, therefore, be reversed, and remanded for the correction of these errors.

Cause reversed.

*J. A. Woodhull,* for appellant.