*W. Z. Stuart,* for appellant.

---

## KIRKPATRICK v. HOLMAN.

AMENDED PLEADING.—A second complaint, complete in itself, and not a mere amendment of the first, supersedes the first, so that it ceases to be part of the record, and no ruling upon it can be assigned for error.

SAME.—CONTINUANCE.—Where the complaint is amended during term, the defendant, upon a proper affidavit of surprise, may be allowed a continuance till the next term at the plaintiff's costs.

APPEAL from the *Howard* Common Pleas.

ELLIOTT, J.—*Kirkpatrick* sued *Holman* on a written agreement for the sale of a stallion. The complaint also contained a common count for the price and value of a horse sold and delivered by the plaintiff to the defendant. To the first paragraph of the complaint, the defendant, in his answer, set up an arbitration and award, on the agreement set out in that paragraph of the complaint. The plaintiff demurred to the answer, but the court overruled the demurrer,

and the plaintiff then, by leave of the court, filed a new and substituted complaint, the first paragraph of which was the same as the first paragraph of the original complaint. The second sets up an arbitration and award, the same as that set out in the defendant's answer to the first paragraph of the original complaint, and acknowledges that the plaintiff received an assignment of certain book accounts under the award, from the defendant, but avers that they were not valid accounts, and charges the defendant with having made false and fraudulent representations in reference to them. The amended complaint also contains a third paragraph for the price and value of a horse sold and delivered by the plaintiff to the defendant. The defendant demurred to the first and second paragraphs of the complaint, but the court overruled the demurrer, and the defendant then filed an answer, in which he again set up the award in bar of the first paragraph of the complaint. No demurrer was filed to this answer. Issues of fact were formed and the cause tried by a jury. Verdict and judgment for the defendant.

The plaintiff now assigns for error the ruling of the court in overruling the demurrer to the answer to the first paragraph of the original complaint.

The question is not before us. The second complaint was complete in itself. It was not a mere amendment or addition to the original complaint, but was a new and substituted one. It superseded the old one, and, in effect, took it from the record, and with it all the other pleadings based upon it. They are improperly copied into the record, and we cannot look at them for the purpose of reviewing any alleged errors they may have contained. 2 G. & H., 118; *Holdridge* v. *Sweet*, 23 Ind. 118; *McEwen* v. *Hussey*, id. 395.

After the new complaint was filed, the defendant filed an affidavit of surprise in reference to the allegations of fraud set up in the second paragraph of the complaint, and, thereupon, asked a continuance of the cause at the plaintiff's

cost, which the court granted. This was right. 2 G. & H., §§ 97, 98, pp. 117, 118.

The only remaining question presented is thus stated in the motion for a new trial: "*First.* The following charge of the court to the jury, to wit, that, 'the question as to the meaning of the word indorse, used by the arbitrators, was a question of fact for the jury,' was a charge of the court to the jury contrary to law?" Waiving the question whether the assignment of errors properly presented the question, we have carefully examined the record, and do not find that it contains any such instruction to the jury as that stated.

The judgment is affirmed, with costs.

*H. A. Brouse,* for appellant.

*Linsday* and *Lewis,* for appellee.