*J. Hanna* and *F. Knefler,* for appellee.

---

## Byers *v.* Hickman and Others.

ASSIGNMENT OF ERROR.—*Demurrer.*—*Record.*—Where a demurrer has been sustained to a complaint, and an amended complaint has been filed, to which a demurrer has been overruled, the ruling on the demurrer to the original complaint cannot be assigned for error, and the clerk should not certify that complaint as part of the record.

BILL OF EXCEPTIONS.—*Filing of.*—Leave was granted on the 30th of May to file a bill of exceptions within sixty days, and on the 30th day of July the bill was filed.

*Held,* that the bill of exceptions could not be regarded as properly in the record.

APPEAL from the Allen Circuit Court.

DOWNEY, J.—Several questions of interest are discussed

by counsel, in neatly prepared printed briefs, in this case, but we cannot consider any of them.

The first error assigned is, that the court improperly sustained the defendants' demurrer to the original complaint. But this cannot be assigned for error as there was an amended complaint filed by the plaintiff covering the same ground, which was held sufficient, and on which the case was tried. Indeed the original complaint, in such a case, forms no part of the record, and should not be incorporated into it by the clerk. 2 G. & H. 273, sec. 559; *Downs v. Downs*, 17 Ind. 95.

It is also assigned for error that the circuit court improperly refused a new trial on the motion of the plaintiff. The final judgment was rendered on the 30th day of May, 1870; sixty days were given in which to file the bill of exceptions, and it was filed on the 30th day of July, 1870.

According to the recognized mode of computing time in such cases, we should exclude the 30th day of May, on which the judgment was rendered, and begin the count with the 31st day of that month, we then have one day in May, thirty in June, and thirty of July, counting the day on which the bill of exceptions was filed, which the rule requires us to do, making sixty-one days. This was not in time.

The proceeding was instituted to set aside a judgment, alleged to have been rendered without notice. The parol evidence is in the bill of exceptions, but the documentary evidence is not. The clerk has copied, outside of the bill of exceptions, certain papers, but, if the bill of exceptions was filed in time, we must hold that these papers are not before us. It does not appear, therefore, from the evidence in the bill of exceptions, that any such judgment was ever rendered against the plaintiff, as that of which he complains.

The judgment is affirmed, with costs.*

*R. S. Robertson*, for appellant.

*W. G. Colerick* and *D. H. Colerick*, for appellees.

*Petition for a rehearing overruled.