# Jane W. Jackson v. C. K. O'Hara and The Ohio Valley Gas Company, a Corporation, Appellants.

*Oil and gas lease—Rentals—Joint liability—Assignment of portion of lease.*

In an oil and gas lease the lessee covenanted " to commence operations and complete one well within one month and, in case of failure to complete one well within such time, to thereafter pay as rental to the party of the first part for such delay the sum of fifty dollars per month." The lessor agreed " to accept such sum as full consideration, liquidation and payment of all damages for any delays until one well shall be completed, and a failure to complete such well or to make any such payments within such time and at such place above mentioned renders this lease absolutely null and void, and no longer binding on either party, and will revest the estate herein granted in the lessor and release the lessee from all his covenants herein contained, he having the option to drill said well or not, or pay said rental or not, as he may elect." The lessee assigned a one half interest in the lease. No well was ever completed or commenced. The assignee of the one half interest in the lease paid the rental for three

months, but then ceased, and no more was paid. In an action for the rental against the lessee and the assignee of the one half interest, the defendants filed an affidavit of defense in which they averred that (1) the lessees had an option to sink a well or pay the monthly rental, or to do neither, and by refusing to do either, the lease was at an end; and (2) there was no joint liability of the defendants. *Held*, that the affidavit of defense was insufficient to prevent judgment.

Argued Oct. 27, 1897. Appeal, No. 64, Oct. T., 1897, by defendants, from order of C. P. No. 2, Allegheny County, April T., 1897, No. 177, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for rentals under an oil lease.

Defendants filed an affidavit of defense in which they averred as follows :

1. The defendants are advised by counsel that under the affidavit and statement of claim filed by the plaintiff in above case ' no joint liability on the part of defendants is disclosed, and that the plaintiff is not entitled to recover against said defendants in this action.

2. That on or about January 29, 1891, said plaintiff and C. K. O'Hara, one of the defendants in this action, entered into a certain written agreement, whereby said plaintiff, Jane M. Jackson, granted unto said O'Hara the option to bore for oil and gas upon certain land of said Jane M. Jackson; that on about May 1, 1891, said agreement and option were duly assigned and transferred to the said The Ohio Valley Gas Company by written assignment thereof; that in and by said agreement it is provided as follows :

" The party of the second part agrees to commence operations and complete one well on the premises within one month from the date thereof, unavoidable accidents excepted, and in case of failure to complete one well within such time, the party of the second part agrees to thereafter pay as rental to the party of the first part for such delay the sum of fifty (50) dollars per month, payable monthly in advance, at the Burgettstown National Bank, at Burgettstown, Pa., and the party of the first part hereby agrees to accept such sum as full consideration,'

liquidation and payment of all damages for any delays until one well shall be completed, and a failure to complete such well, or to make any of such payments within such time and at such place as above mentioned renders this lease absolutely null and void and no longer binding either party, and will revest the estate herein granted in the lessor and release the lessee from all his covenants herein contained; he having the option to drill said well or not or pay said rental or not as he may elect."

That by virtue of the provision last aforesaid, said C. K. O'Hara and his assigns had the option to pay the sum of $50.00 per month in advance at the place mentioned, and thus secure continuance of the right to drill for oil or gas from month to month or not as they saw fit, and that a failure to pay said sum of $50.00 at any time required as aforesaid, ended and terminated said agreement at the option of said lessee therein or his assigns. That it is true the plaintiff was paid the sum of $50.00 per month for three months, to wit: for March, April and May, 1891, in addition to the sum of $50.00 for February, 1891, paid at the time of the execution of said agreement, but on June 1, 1891, defendants elected to terminate said agreement under the terms thereof, by not paying the sum of $50.00 on June 1, 1891, and did so terminate said agreement, and did not pay said sum on June 1, 1891, nor any sum at any time thereafter, and thereafter said agreement was ended and determined and no longer binding upon the parties to it. That no well was ever drilled by defendants or either of them upon the land of plaintiff at any time, and that no demand for said sum of $50.00 for the right to bore during the month of June, 1891, or for any subsequent month, was made on defendants, or either of them, by plaintiff, and that by reason of the exercise of their option to terminate said agreement by defendants as aforesaid, said agreement became null and void, and no longer binding upon either of the parties to it after June 1, 1891.

On a rule for judgment, WHITE, J., filed the following opinion:

The plaintiff made an oil and gas lease to the defendant, C. K. O'Hara, dated January 29, 1891, for the term of five years, and as long thereafter as oil or gas should be obtained in paying quantities. The lessee covenanted "to commence operations and complete one well within one month, and in case of

failure to complete one well within such time, . . . . to there-
after pay as rental to the party of the first part for such delay,
the sum of $50.00 per month, payable monthly in advance, at
the Burgettstown National Bank, Pa., and the party of the first
part hereby agrees to accept such sum as full consideration,
liquidation and payment of all damages for any delays, until
one well shall be completed, and a failure to complete such well,
or to make any of such payments within such time and at such
place above mentioned, renders this lease absolutely null and
void and no longer binding on either party, and will revest the
estate herein granted in the lessor and release the lessee from
all his covenants herein contained; he having the option to drill
said well or not, or pay said rental or not, as he may elect."

On May 1, 1891, O'Hara assigned an interest in the lease to
the Ohio Valley Co., as follows :

" East Liverpool, Ohio, May 1, 1891, for a valuable consider-
ation, the receipt of which is hereby acknowledged, I hereby
sell, assign, transfer and set over to the Ohio Valley Gas Co. an
undivided one half (½) interest in and to the foregoing lease,
together with my entire gas right in and to the said lease.

                    "C. K. O'HARA.      [Seal]."

No well was ever completed or commenced.   The Ohio Valley
Gas Co. paid the rental for three months, but then ceased, and
no more was paid.   The contention of the defendant is : first,
that the lessee had an option to sink a well or pay the monthly
rental, or to do neither, and by refusing to do either the
lease was at an end, and they were relieved from further liability,
and second, in any event there is no joint liability of the de-
fendant.   On the first contention it is sufficient to say, that, in
McMillan v. Philadelphia Co., 159 Pa. 142, on a lease with a
clause precisely similar to this, the Supreme Court held the les-
see was not relieved from liability, even when he had tendered
back the lease, which was not done in this case.

The other contention is on the theory that the assignment by
O'Hara to the Ohio Valley Gas Co. is in the nature of a sub-
letting, and the gas company is only a subtenant.   We cannot
sustain that contention.   The assignment is a sale of the one
half undivided interest in the lease.   The two parties then
became joint owners of the lease, and jointly liable to sink the

well or pay the monthly rental. In the statement of claim by the plaintiff it is stated that the lease was assigned by O'Hara to the Ohio Valley Gas Co. which implies that O'Hara had parted with all his interest in the lease. Were that the fact there could not be a joint action. The same general statement is made in the affidavit of defense. But the assignment, made part of the affidavit of defense, shows that it was only a one half undivided interest that was assigned. In view of these facts, and in order to have the case decided upon its merits, the plaintiff is allowed to amend the statement so as to set forth the assignment as it actually was.

Rule absolute. Judgment ordered for the plaintiff against the defendants for $3,382.86, being the monthly rentals from June 1, 1891 to January 1, 1896, with interest on each monthly rental to this date.

*Error assigned* was the order of the court.

*William R. Blair*, for appellants, cited Dusenberry v. Bradley, 88 Pa. 444; 1 Washburn on Real Property, p. 516; Taylor's Landlord & Tenant, secs. 16, 109; Lloyd v. Cozens, 2 Ashm. 131; Lee v. Gibbons, 14 S. & R. 105; Brooks v. Water Lot Co., 7 Ga. 101; Rogers v. Heath, 48 Mich. 583; Clements v. R. R., 132 Pa. 445.

*Ulysses G. Vogan*, with him *W. G. Crawford*, for appellee, cited McMillan v. Philadelphia Co., 159 Pa. 142; Galey v. Kellerman, 123 Pa. 491; Wills v. Gas Co., 130 Pa. 222; Ray v. Gas Co., 138 Pa. 576; Leatherman v. Oliver, 151 Pa. 646; Coburn v. Goodall, 72 Cal. 498; Adams v. Beach, 1 Phila. 99; Taylor's Landlord & Tenant, 450; Walton v. Cronly, 14 Wend. 63; Tiedeman on Real Property, sec. 182; Damainville v. Mann, 32 N. Y. 197; Patten v. Deshon, 1 Gray, 325.

PER CURIAM, November 8, 1897:

This appeal is from the judgment entered by the court below against the defendant for want of a sufficient affidavit of defense. For reasons given by the court we think there was no error in "holding that the facts set forth in the defendants' affidavit of defense" do not constitute a defense to the plaintiff's cause of

action; and hence there was no error in making the rule for judgment absolute.

The judgment is affirmed for reasons given in the opinion of the court below.