## Scott *v.* LaFayette Gas Company.

[No. 6,763. Filed December 15, 1908.]

1. Appeal.—*Transcript.*—*Failure to File Precipe.*—*Presumption.*—Where the transcript on appeal contains no precipe the pre-sumption is that an oral request was made for a transcript, in which case it was the clerk's duty to certify a complete one. p. 616.

2. Same.—*Demurrer to "Complaint."*—*"Amended" Complaint on File.*—Where an amended complaint is filed and defendant sub-sequently files a demurrer to the "complaint," such demurrer will be considered as addressed to the "amended" complaint. p. 616.

3. Contracts.—*Gas and Oil Leases.*—*Options to Determine.*—Where the lessee reserves the right to cancel his gas and oil lease

by giving the lessor written notice thereof, by paying the rentals then due, by paying to the lessor an additional $5 and by releasing of record said lease, he may, upon performance of the conditions, determine such lease, though it nominally extends for five years.  p. 618.

4.  CONTRACTS.—*Gas and Oil Leases.—Options.—Payments.*—A gas and oil lease providing that the lessee, in case a well is not drilled, may continue the lease by the payment of certain rentals, does not permit the lessee to refuse to drill a well and also to refuse to pay such rentals.  p. 618.

5.  SAME.—*Gas and Oil Leases.—Options.*—Where a gas and oil lease required the lessee to sink a well, or to pay certain rentals, and also gave such lessee the privilege of determining the lease, his failure to sink a well or to determine the lease renders him liable for the payment of such rentals.  p. 619.

6.  PLEADING.—*Complaint.—Debt.—Due and Unpaid.*—A complaint alleging that there was a certain sum "due [from defendant] as well rental," sufficiently shows that such sum was due and unpaid.  p. 619.

7.  SAME.—*Complaint.—Contracts.—Gas and Oil Leases.*—A complaint alleging that defendant contracted to furnish to the plaintiff natural gas for domestic use, or in lieu thereof pay to the plaintiff a certain sum annually, that defendant failed to furnish gas, and paid such sum until a certain time, and that thereafter defendant failed to pay, and demanding judgment for the arrearage, states a cause of action.  p. 619.

8.  CONTRACTS.—*Ambiguous.—Construction by Parties.*—The construction given by the parties to a contract will govern, unless the legal interpretation thereof forbids such construction.  p. 620.

9.  PLEADING.—*Complaint.—Gas and Oil Leases.—Options to Cancel. —Rentals.*—A complaint alleging that the lessee of a gas and oil lease reserved the right to determine such lease by the cancelation thereof on the records and the payment of the rentals due, together with $5, and that such lessee failed to pay such sum of $5, is bad, where there were no other allegations showing that such lessee had determined the lease.  p. 621.

From Blackford Circuit Court; *Charles.E. Sturgis,* Judge.

Action by Addison Scott against the LaFayette Gas Company.  From a judgment for defendant, plaintiff appeals. *Reversed.*

*A. R. Long* and *L. F. Sprague,* for appellant.
*Ferdinand Winter* and *Condo & Browne,* for appellee.

WATSON, C. J.—This was an action to recover rentals under the terms of a gas and oil lease.

We are confronted with a motion by appellee to dismiss this appeal for the reason that there was no precipe filed, and therefore that nothing is presented for our consideration.

1. In the absence of a precipe directing the clerk to certify to certain portions of the record, it was his duty to make a complete transcript of all the proceedings, and this he may do upon the request of the party, either orally or in writing. If a transcript comes here without a precipe, we, therefore, presume that an oral request was given to the clerk for a full and complete transcript. Elliott, App. Proc., §200; §641g Burns 1905, Acts 1903, p. 338, §7; §690 Burns 1908, §649 R. S. 1881; *Rutherford* v. *Prudential Ins. Co.* (1904), 32 Ind. App. 423; *Workman* v. *State, ex rel.,* (1905), 165 Ind. 42; *Price* v. *Huddleston* (1906), 167 Ind. 536. The motion is therefore not sustained.

The record in this case discloses that on January 2, 1906, appellant filed his complaint, and on January 25, of the same year, appellee filed its demurrer thereto.

2. On June 17, 1907, the demurrer was sustained. On June 27, 1907, appellant, upon leave of court first obtained, filed his amended complaint in three paragraphs. On November 1, 1907, appellee filed its demurrer to this complaint, but did not denominate it as the demurrer to the "amended" complaint. It is therefore contended by the appellee that no question is presented by the assignment of errors. We cannot agree with this contention. The amended complaint superseded the complaint on file, which was thereby removed from the record of this cause. *Western Assur. Co.* v. *McCarty* (1897), 18 Ind. App. 449; *Weaver* v. *Apple* (1897), 147 Ind. 304; *Britz* v. *Johnson* (1879), 65 Ind. 561; *Westerman* v. *Foster* (1877), 57 Ind. 408; *Kirkpatrick* v. *Holman* (1865), 25 Ind. 293. The pleading filed June 27, 1907, became the complaint in this cause, and therefore the only pleading to which a demurrer could be addressed. *City of*

*Vincennes* v. *Spees* (1905), 35 Ind. App. 389; *Town of Whiting* v. *Doob* (1899), 152 Ind. 157.

In addition to setting out the lease, it was alleged, in substance, in the first paragraph of the complaint, that appellant leased the described premises, containing forty acres, to appellee in June, 1897; that the term of the lease was for five years, with an option in the lessee to renew or continue the lease for an additional term of five years, by giving notice of its desire to do so; that notice was given, but not at the time required by the lease; that no well was ever drilled on the premises; that appellee paid all rentals accruing under the lease up to January 1, 1905; that "for the period from January 1, 1905, to July 1, 1905, there became due as rental $50, and for the period from July 1, 1905, to December 31, 1905, there became due as rental $50, making a total due as well rental the sum of $100, as made and provided in said contract;" and that appellant is the owner of the leased premises. Judgment for $100 is demanded. The clauses of the lease necessary to the consideration of the question raised are as follows:

"(3) Said party of the second part hereby covenants, in consideration of said premises, to pay unto said party of the first part, compensation at the rate of fifty cents per acre per annum for said land until the completion of a well upon said lands, as hereinafter mentioned. The party of the second part further agrees that from and after the completion of a well on said premises which shall, in its opinion, produce gas in sufficient quantity to justify said second party in marketing said gas it will pay to the party of the first part compensation at the rate of $100 per annum for each well on said land, so long as, in the opinion of the party of the second part, said well produces a marketable quantity of gas. Said payments shall become due semiannually, upon January 1 and July 1, and shall be paid within ten days of the maturity thereof, by depositing the same in the Fairmount Bank at Fairmount, subject to the order of said first party, or direct to said first party.

(4) Said party of the second part reserves and is hereby given the right to cancel and terminate this

lease by giving to said party of the first part written notice of such intention three months before January 1 or July 1 in any year, and by or on January 1 or July 1 paying to said party of the first part all rents then due to said party of the first part according to the terms of this lease, and also paying to said party of the first part the sum of $5, and releasing of record this lease; whereupon the rights of both parties under this lease shall cease and determine, except that said second party shall have the right, without paying any further compensation therefor, to maintain, operate, repair, replace or remove any pipe-lines laid upon said premises.

(5)   To drill one well upon said premises within two years from this date, and a second well within ——— from the time the second party shall use the first well, unless said first well shall become useless to said second party before the expiration of said ———, all subject to the same condition.

(6)   In case the well or wells are not drilled or utilized as herein provided, then, upon the payment of the well rental herein stipulated to be paid by the second party, this agreement shall continue, and shall have the same force and effect as though the well or wells had been drilled and utilized.''

It will be observed that no forfeiture was provided for in the lease. Appellee, by exercising the right of notice, release of record, and payment of $5 and all accrued rentals, might terminate this agreement before its expiration by lapse of time, but no similar right or privilege was reserved to the lessor.

Appellee contends that the sixth clause is optional in form, and that the effect of such clause is that, if said well rental be paid by the lessee, then and in that event the lease would continue alive. It is optional in form, but it does not thereby permit the lessee to refuse either to drill wells or to pay the rent and thus entirely avoid the contract. *Jackson* v. *O'Hara* (1897), 183 Pa. St. 233, 38 Atl. 624; Thornton, Oil and Gas, §73.

The lessee obligated itself to drill at least one well within two years from the date thereof. If it preferred not to per-

form that obligation, then there was the alternative provision for paying the "well rental" after the expiration of that time.   The "well rental," as declared in the lease, was $100 per annum.   Therefore, lessee, by its failure to drill a well upon the leased premises, incurred the alternative liability for the "well rental" of $100 per year.

Appellee further insists that the first paragraph is insufficient, in that there is no averment that the rent was due and unpaid at the time of bringing this action.   It has been the holding of the courts of this State that a complaint upon a promissory note must aver that the note was due and unpaid at the time that the action was brought.   This, however, need not be in direct terms.   If sufficient facts are pleaded from which it may fairly be inferred that the note was due and unpaid, it will withstand a demurrer.   In this case the fair inference, from the facts averred in the complaint, is that the rental was due and unpaid at the time the complaint was filed.   *Evansville, etc., R. Co.* v. *Darting* (1893), 6 Ind. App. 375; *Malott* v. *Sample* (1905), 164 Ind. 645; *Douthit* v. *Mohr* (1888), 116 Ind. 482; *Downey* v. *Whittenberger* (1877), 60 Ind. 188.   Therefore the court erred in sustaining the demurrer to the first paragraph of the amended complaint.

It is contended by appellee that the second paragraph of the amended complaint does not aver facts sufficient to withstand a demurrer.   This paragraph was based upon the following clause of the lease in question:

"(8)   To grant to said first party at said first party's expense and risk, but without charge for gas, the right to use natural gas for domestic purposes in the residence of the first party on the demised premises, so long as this lease continues in force.   Second party is to pay to first party $15 per year in lieu of gas, at the option of first party."

It avers the execution of the contract; that appellee agreed to pay appellant $15 per year in lieu of gas for the use in

dwelling-house and on the premises of appellant; that appellant was then, and had been since June, 1897, the owner of the premises described in the contract; that the $15 for the year 1905 was due and unpaid; "that the defendant [appellee] continued to pay during and including the whole of the year 1904."

When the language of a contract is of doubtful construction, the interpretation by the parties themselves is entitled to great weight and may control. And the construction thus placed by them will be adopted by the court, unless it be at variance with the correct legal interpretation of the contract. *Smith* v. *Board, etc.* (1893), 6 Ind. App. 153; *Ralya* v. *Atkins & Co.* (1901), 157 Ind. 331; *Ewing* v. *Wilson* (1892), 132 Ind. 223, 19 L. R. A. 767; *Frazier* v. *Myers* (1892), 132 Ind. 71; *Louisville, etc., R. Co.* v. *Reynolds* (1889), 118 Ind. 170; *Vinton* v. *Baldwin* (1884), 95 Ind. 433; *Reissner* v. *Oxley* (1881), 80 Ind. 580; *Chicago* v. *Sheldon* (1869), 9 Wall. 50, 19 L. Ed. 594; *Steinbach* v. *Stewart* (1870), 11 Wall. 566, 20 L. Ed. 56; *Topliff* v. *Topliff* (1887), 122 U. S. 121, 7 Sup. Ct. 1057, 30 L. Ed. 1110; 1 Beach, Contracts, §§721, 722; 17 Am. and Eng. Ency. Law (2d ed.), 23-25.

In the case of *Frazier* v. *Myers, supra,* the court said: "The construction given the grant by the parties is the one upon which the courts must act in such a case as that made by the complaint. Where parties give their contract a construction, the courts will adopt that construction and hold the parties to it."

We are now dealing with the allegations of the complaint as confessed by the demurrer. By these allegations it is shown that the parties have construed the contract so as to entitle the lessor to the $15 per year, for this amount was paid for the year 1904. It was error to sustain the demurrer to this paragraph, and the court erred in thus doing.

The third paragraph of the amended complaint was founded upon the fourth clause of the lease heretofore set

out. It alleges the execution of the lease; that on or
about July 16, 1905, appellee tendered to appellant
the $5 sued for, but failed to give written notice as
agreed, and to pay the rental alleged to have accrued, and
that said $5 is due and unpaid. There is no averment that
appellee has released of record or attempted to release of
record the lease executed by these parties. There was no
duty devolving upon appellee to cancel said contract. The
power to cancel was expressly reserved to the lessee, but un-
der certain restrictions. Those were that the agreed written
notice be given, the contract released of record, and $5 and
the accrued rentals be paid to appellant. In the absence of
an averment that appellee had canceled the lease there was
shown no liability to pay the sum prayed for in the third
paragraph. The fact that appellee was in arrears on the
rental would not obligate it to cancel the lease and hence be-
come liable for the cancelation fee. The court did not err
in sustaining the demurrer to the third paragraph of the
amended complaint.

For the reasons herein set forth, the judgment is reversed,
with instructions to the trial court to overrule the demurrers
to the first and second paragraphs of the amended complaint,
and for further proceedings not inconsistent with this
opinion.