## BOYCE ET AL. v. ROYAL STOVE AND RANGE COMPANY.

[No. 6,709.   Filed March 9, 1910.]

1. CONTRACTS.—*Uncertain.*—*Assumption of Payment of Debts.*—*Sales.*—*Maxims.*—A contract stipulating that the purchaser of a stock of goods assumes and agrees "to pay the outstanding bills for said place," is not void for uncertainty, the maxim, "That is certain which can be rendered certain" applying thereto.   p. 469.

2. CONTRACTS.—*Consideration.*—*Preamble.*—*Sales.*—A contract reciting in its introduction that "Whereas it is the desire of said [vendor] to exchange his equity in a stock of goods and store to said [vendees] for said two respective pieces of real estate," and further providing that the vendees shall pay the outstanding debts due for such goods, does not show that the provision for the assumption of the debts is void for the want of a consideration.   p. 470.

3. CONTRACTS.—*Assumption of Payment of Debts.*—*Judgment.*—The purchasers of a stock of goods, assuming and agreeing to pay the debts due from the owner thereof, cannot be held liable where, in an action against such owner and such purchasers for one of such debts the judgment was in favor of such owner and against such purchasers.   p. 471.

From Delaware Circuit Court; *Joseph G. Leffler*, Judge.

Action by the Royal Stove and Range Company against William A. Boyce and others.   From a judgment for plaintiff, defendants appeal.   *Reversed.*

*W. A. Thompson* and *W. H. Thompson*, for appellants.

*O. R. Krickenberger*, for appellee.

ROBY, J.—Appellants exchanged certain real estate for a stock of hardware owned by one Frazier.   A written contract was made specifying the terms of the transaction, a stipulation thereof being as follows:

"Said Boyce and Louk assuming and agreeing to pay the outstanding bills for said place."

Appellee was a creditor of Frazier to the amount of $485 for goods sold to him, which constituted a part of the stock

exchanged as aforesaid. This suit was brought by appellee against Frazier and appellants to recover the amount so due. The issue formed by various further pleadings was submitted to a jury, a verdict returned against appellants and for Frazier, and judgment was rendered accordingly. The first point made for reversal is that the stipulation before set out is too indefinite and uncertain to entitle a third party to avail himself of it as a promise for his benefit. A review of the cases from other jurisdictions, cited to sustain this point, would not be useful. The rule here has recently been restated. *Ochs* v. *M. J. Carnahan Co.* (1908), 42 Ind. App. 157; *Scott* v. *LaFayette Gas Co.* (1908), 42 Ind. App. 614. The promise to pay on the part of appellants is clear and explicit. The maxim ''That is certain which can be rendered certain,'' applies, and under the averments of the complaint it was competent for the jury to find as it did. *Ochs* v. *M. J. Carnahan Co., supra; Cold Blast Trans. Co.* v. *Kansas City Bolt, etc., Co.* (1902), 114 Fed. 77, 52 C. C. A. 25, 57 L. R. A. 696.

> The contract referred to, after reciting that the appellants desired to exchange their real estate for the stock belonging to said Frazier, proceeds as follows:
>
> ''Whereas it is the desire of said Frazier to exchange his equity in a stock of goods and store to said Boyce and Louk for said two respective pieces of real estate,'' etc.

It is urged that it is thereby shown that there was no consideration for appellants' promise to pay outstanding bills; that the lands were the consideration for the stock and the stock the consideration for the lands. The language quoted is introductory, and in a general way expresses the purpose of the respective parties, but specific mutual promises contained in the contract cannot be said to be without consideration because of their not having been detailed in this portion of the instrument.

The difficulty with the judgment is that one fact necessary to recovery is that there should be a debt from Frazier to appellee. Unless such debt exists there is nothing upon which the contract of assumption can operate.

3.

The verdict of the jury and the judgment of the court establishes the fact that there is no such debt. It is not a question of suretyship, but one of making out a case. The verdict against appellants was therefore contrary to law.

Judgment reversed and cause remanded, with instructions to sustain the motion for a new trial.