THE TOWN OF WHITING v. DOOB.

[No. 18,593.   Filed February 2, 1899.]

PLEADING.—*Amended Complaint.*—*Demurrer.* — An amended complaint supersedes the original, and a demurrer to the "complaint" filed after the filing of an amended complaint refers to the amended complaint.   p. 158.

MUNICIPAL CORPORATIONS.—*Statutes Prohibiting Riding on Sidewalk.* —*Construction.*—The act of March 10, 1885 (section 3333, Horner 1897), empowering boards of town trustees to prohibit the encumbering of sidewalks, and riding or driving thereon, does not repeal by implication section 1640 Horner 1897, which forbids cities and towns to impose penalties by ordinance for offenses punishable under a statute of the State.   pp. 159, 160.

HIGHWAYS.—*Vehicle on Sidewalk.*—*Bicycle a Vehicle.*—A bicycle is a vehicle the riding of which on a sidewalk of a city or town is a public offense punishable under section 3361 R. S. 1881.   p. 160.

MUNICIPAL CORPORATIONS.—*Riding on Sidewalk.*—*Ordinance Which May be Enforced.*—As the statutes now stand in this State a municipal corporation may by ordinance impose a penalty for riding a bicycle on sidewalks other than those constructed of brick, stone, plank, or gravel.   pp. 159, 160.

From the Lake Circuit Court.   *Affirmed.*

| 152 | 157 |
| 164 | 216 |

| 152 | 157 |
| 167 | 584 |

*Wartman & Miller* and *John G. Erdlitz*, for appellant.

*F. N. Gavit*, for appellee.

DOWLING, J.—The appellee was charged with the violation of an ordinance of the town of Whiting in riding a bicycle upon a sidewalk of that corporation. The action was commenced by filing a verified complaint before a justice of the peace of Lake county. On the day of the trial, and before any other proceedings were had, an amended complaint was filed. Appellee thereupon filed a demurrer, which referred to this pleading as "the complaint." The demurrer was sustained, and there was judgment for the appellee. An appeal to the Lake Circuit Court was taken by the town, and there, as is shown by the record, "the defendant renews his demurrer herein." The court sustained the demurrer, and, the appellant refusing to amend or plead further, judgment was rendered for appellee. The town of Whiting appealed to this court, and the error assigned is the ruling of the court on the demurrer.

The objection is made by counsel for appellee that the demurrer was sustained, not to the complaint, but to the amended complaint, and, therefore, that no question is presented by the assignment of errors. We think otherwise. The amended complaint superseded the complaint first filed, so that it ceased to be a part of the record. *Kirkpatrick* v. *Holman*, 25 Ind. 293. The pleading last filed by appellant became the complaint in the cause, and was the only pleading on file to which a demurrer could be addressed.

The ordinance under which this proceeding was taken reads thus:— "Sec. 14. It shall be unlawful for any person to ride, propel, or use in any manner upon any sidewalk within the corporate limits of the town of Whiting, any bicycle, or safety-wheel, used for exercise, business, or pleasure; * * *"

Section 54 of this ordinance declares the penalty for a violation of its provisions.

The validity of the ordinance is assailed on the ground that riding or driving upon the sidewalks of any town in this State is made a public offense against the State, for which punishment is prescribed, and that such offense cannot be made punishable by an ordinance of any incorporated town or city.

The sections of the statutes to be considered are these: "It shall be unlawful for any person to ride or drive upon the *brick, stone, plank,* or *gravel* sidewalk of any town or village, or upon any similar sidewalk for the use of foot passengers by the side of any public highway in this State, unless in the necessary act of crossing the same." Acts 1867, p. 194, section 4398 Burns 1894, section 3361 Horner 1897.

"Whenever any act is made a public offense against the State, by any statute, and the punishment prescribed therefor, such 'act shall not be made punishable by any ordinance of any incorporated city or town; and any ordinance to such effect shall be null and void, and all prosecutions for any such public offense as may be within the jurisdiction of the authorities of such incorporated cities or towns, by and before such authorities, shall be had under the State law only." Section 1640 R. S. 1881, section 1709 Burns 1894.

Counsel for appellant contend that an act authorizing boards of town trustees to prohibit the encumbering of the sidewalks of such towns, and riding or driving thereon, and empowering such boards to carry out the provisions of the act by by-laws, ordinances, and regulations, approved April 10, 1885, repeals, by implication, so much of the act of 1881, *supra,* as prohibits cities and towns from enforcing ordinances against acts which are punishable as offenses against the State.

We cannot discover in the act of 1885, any indication that it was intended to repeal the earlier statute. The two acts are not repugnant; the boards of towns may, by ordinance, by-law, or other mode of regulation, prohibit riding

or driving on the sidewalks; but, by the terms of this very act, they must do so by by-laws, ordinances, or regulations *not repugnant to the laws of the State.* The object of the statute of 1881 was to prevent a double prosecution for a single act, by withholding from cities and towns the power to impose fines or penalties in any case where the offense was punishable under the criminal laws of the State. There is no reason to suppose that the legislature, by the act of 1885, intended to abolish this salutary restriction.

But the statute making it a misdemeanor to ride or drive upon a brick, stone, plank, or gravel sidewalk, being a penal one, it is to be strictly construed, and it could not be held to apply to the act of riding or driving upon sidewalks constructed of other materials than *brick, stone, plank,* or *gravel.* In an indictment, under this law, it would be necessary to state particularly the kind of sidewalk, whether brick, stone, plank, or gravel, over which the person charged rode or drove.

Riding or driving over sidewalks, other than such as are composed of *brick, stone, plank,* or *gravel,* not being made an offense against the State, and punishable as such, the authorities of cities and towns may lawfully prohibit riding or driving upon such sidewalks; and if in an action, under a general ordinance of a city or town, the complaint showed that the sidewalk, over which the defendant rode or drove, was not of *brick, stone, plank,* or *gravel,* but was constructed of other material, such ordinance would be valid as to such other kinds of sidewalks, and a prosecution might be maintained under the same.

In this case, the town ordinance is general in its terms. The complaint fails to show that the sidewalk, therein mentioned, is not of *brick, stone, plank,* or *gravel,* and that it is composed of some other material. Under such a complaint, if upheld, the penalty might be recovered against appellee even if the sidewalk was of brick, stone, plank, or gravel.

That a bicycle is a vehicle, and that riding a bicycle upon

the brick, stone, plank, or gravel sidewalks of a town or city is a public offense against the State, punishable under the act of 1881, *supra*, is settled by the decisions of this court. *City of Indianapolis* v. *Higgins*, 141 Ind. 1; *Bybee* v. *State*, 94 Ind. 443.

As the complaint fails to show that the act charged against appellee was such as the town had authority to prohibit and punish, the demurrer to it was properly sustained.

Judgment affirmed.