SPITZER ET AL. *v.* MILLER ET AL.

[No. 5,462.   Filed March 16, 1905.]

1.  APPEAL AND ERROR.—*Assignment of Errors.—Specification Including two Errors.*—A specification in the assignment of errors that "the court erred in sustaining the demurrer * * * to the amended complaint, and in rendering judgment against appellants upon their failure to plead further," presents no question.   p. 117.

2.  SAME.—*Assignment of Errors.—Not Specific.*—A specification in the assignment of errors that "the court erred in rendering judgment against the appellants upon their failure to plead further" presents no question.   p. 117.

3.  SAME.—*Insufficient Assignment of Errors.—Dismissal.*—An appeal will be dismissed where the assignment of errors is insufficient. p. 117.

From Howard Superior Court; *Walter W. Mount,* Special Judge.

Action by Celian Spitzer and another against Frank D. Miller and others. From a judgment for defendants, plaintiffs appeal.  *Appeal dismissed.*

*Willits & Voorhis,* for appellants.

*Bell & Purdum, Blacklidge, Shirley & Wolf, B. C. Moon* and *C. B. Masslich,* for appellees.

BLACK, J.—The two appellants were the plaintiffs. There are fifteen appellees, who were defendants.   There were seven demurrers to the amended complaint, some being separate demurrers of single defendants, others joint demurrers of other defendants.   There are fourteen specifications in the assignment of errors, the first two as follows: "(1)   The court erred in sustaining the demurrer of the Kokomo Loan & Savings Association to the amended complaint, and in rendering judgment against appellants upon their failure to plead further.  (2)   The court erred in rendering judgment against the appellants upon their failure to plead further."   The other odd-numbered speci-

fications are alike, and the same as the first, except that each of them is different from the others and from the first as to the name or names of demurring defendants. All the other even-numbered specifications are the same as the second, the same supposed error being thus stated in the same language seven times in the assignment.

1. The first, with each of the other odd-numbered specifications, attacks here as erroneous more than one action or ruling of the court—the sustaining of a demurrer and the rendition of judgment. The statute (§667 Burns 1901, §655 R. S. 1881) and rule four of this court require that an assignment of error shall be specific, and the rule expressly requires that each specification shall be complete in itself. Each supposed error must be specified; the specifications must be distinct. Each specification in itself alone must be sufficient to require the court on appeal to review some action of the court below, and it must not be addressed to a number of separate supposed errors.

2. The even-numbered specifications do not relate to any specific action of the court to which an exception was saved, or to any action to which an exception could be taken effectually. To attack here a judgment which would follow as of course upon what preceded in the record, some proceeding must have been taken concerning the judgment rendered or to be rendered, and the action of the court therein should have been assigned here.

3. It thus appears from an inspection of the assignment of errors that this court can not look into the record for the purpose of reviewing any action of the court below. The entire assignment is ineffectual. It raises no question for decision except the question as to its own sufficiency. In such case we think the appeal should be dismissed. Counsel for some of the appellees named in the assignment of errors have filed a motion to dismiss the appeal for other reasons, which need not be examined.

Appeal dismissed.