## SPITZER ET AL. v. WRIGHT ET AL.

[No. 5,461.   Filed November 28, 1905.]

1. **APPEAL AND ERROR.**—*Assignment of Errors.—Sufficiency.*—Assignments of error that the court erred in sustaining defendants' demurrer and rendering judgment, and that the court erred in rendering judgment upon appellants' refusal to plead further present no question on appeal. p. 559.

2. **SAME.**—*Answer to Assignment of Errors.—What Defects Waived.*—An answer in denial by an appellee to an insufficient assignment of errors by appellants does not waive appellee's right to question substantial defects in such assignment afterwards. p. 559.

From Howard Superior Court; *B. F. Harness,* Judge.

Suit by Celian Spitzer and others against Walter B. Wright and another. From a decree for defendants, plaintiffs appeal. *Appeal dismissed.*

*Willits & Voorhis,* for appellants.

*Bell & Purdum* and *B. C. Moon,* for appellees.

ROBINSON, J.—Appellants, owners of certain street improvement bonds, in an earlier action foreclosed the lien of an assessment against an abutting lot, and upon a sale of the lot realized only a part of the amount found due. They now seek to charge the lots lying back of this lot and within 150 feet of the improvement with the deficiency. The suit was brought by appellants against "Walter B. Wright, —— Wright, wife of defendant Walter B. Wright." In the complaint it is averred "that defendant Walter B. Wright is the owner of said lots two and three in Rosenthal's first addition to the city of Kokomo, and that —— Wright, wife of defendant Walter B. Wright, holds or claims some interest in or lien upon said lots two and

three, which interest or lien, if any, is junior and inferior to plaintiffs' lien herein." To the amended complaint the following demurrer was filed: "The defendants, Walter B. Wright and —— Wright, demur to plaintiffs' amended complaint herein, and assign as ground of demurrer, and to each of said grounds severally, that the court had no jurisdiction of the subject-matter," and for want of sufficient facts. This demurrer was sustained, "to which ruling the plaintiffs except," and refusing to plead further judgment was rendered against them.

Errors are assigned as follows: "Celian Spitzer, Adelbert L. Spitzer, appellants, v. Walter B. Wright, —— Wright, wife of defendant Walter B. Wright, appellees. The appellants say there is manifest error in the judgment and proceedings in this cause, in this, to wit: (1) The court erred in sustaining the demurrer of Walter B. Wright and —— Wright, wife of defendant Walter B. Wright, to the amended complaint in this cause, and in rendering judgment against appellants upon their refusal to plead further. (2) The court erred in rendering judgment against appellants upon their refusal to plead further. Wherefore" appellants pray that the judgment be reversed. To this assignment appellee Walter B. Wright filed a separate answer, denying error. Subsequently he filed a motion to dismiss the appeal, on the grounds that the assignment of errors does not contain the full names of all the parties, that the first assignment improperly joins two alleged errors, and the second is not an assignment of any action of the court properly assignable.

Except as to the parties, the specifications in the assignment of errors are the same in this case as in the case of *Spitzer* v. *Miller* (1905), 35 Ind. App. 116, and upon the authority of that case this appeal must be dismissed, unless the answer of appellee Walter B. Wright to the assignment amounts to a waiver of objections

to the assignment. This court acquires jurisdiction of an appeal, both as to parties and subject-matter, through the assignment of errors. In speaking of joinder in error in Elliott, App. Proc., §404, the author says: "We suppose all that can be said is that under our system the common joinder waives matters of form but not matters of substance. That it does not confess specifications not well. made is settled beyond controversy. This is the doctrine of the long line of cases which hold that specifications of error must be definite, as well as of the great number of cases which hold that reasons for a new trial can not be made specifications in the assignment of errors. There can be little doubt that under our system of procedure matters of substance which render bad the specifications in the assignment of errors are not made unavailing by a common joinder in error. Matters of form can not be made available upon such a plea or answer, but matters of substance may be. It has never been the practice to specifically object to such specifications as we have named, but it has always been held that the appellee may make objections after joining in error, that is, he may show that the specification is not sufficient to bring in review the rulings of the trial court." See, also, Ewbank's Manual, §§203-205; *Nordyke & Marmon Co.* v. *Fitzpatrick* (1904), 162 Ind. 663.

As the joinder in error did not waive objections to the specifications of error, the appeal is dismissed upon the authority of *Spitzer* v. *Miller, supra.*