## MILLETT v. CITY OF PRINCETON.

[No. 20,766.    Filed January 8, 1907.]

1. MUNICIPAL CORPORATIONS.—*Sidewalks.*—*Riding Bicycles on.* —*Criminal Law.*—Riding a bicycle on a city sidewalk composed of stone, brick, plank or gravel is, by §4398 Burns 1901, §3361 R. S. 1881, a misdemeanor.    p. 584.

2. SAME.—*Ordinances.*—*State Laws.*—*Which Govern.*—An act punishable by a state law cannot be made punishable by a city ordinance.    p. 584.

3. PLEADING. — *Complaint.* — *Negligence.* — *Riding Bicycle on Sidewalk.*—*Ordinances.*—*Presumptions.*—An allegation that a bicycle rider was riding on a sidewalk pursuant to an ordinance means that he was riding agreeably to such ordinance, and consequently that, in fact, he knew the provisions thereof.    p. 584.

4. MAXIMS.—*Ignorance of Law.*—*Action.*—The maxim "*ignorantia juris non excusat*" is perverted by an assumption that all persons know the law.    p. 585.

5. MUNICIPAL CORPORATIONS.—*Ordinances.*—*Sidewalks.*—*Riding Bicycles on.*—*Knowledge of Law.*—Where a bicycle rider knew it was a violation of the State law to ride a bicycle on a certain sidewalk in a city, an ordinance granting him the right to ride on such sidewalk did not even give him a colorable right so to ride.    p. 585.

6. SAME.—*Ordinances.*—*General Language.*—*Restraints on.*—A city ordinance permitting bicycle riding generally on its sidewalks will be held to apply only to those sidewalks upon which it is authorized by the State laws to permit bicycle riding.    p. 585.

7. SAME.—*Ordinances.*—*Prohibiting Bicycle Riding on Certain Sidewalks.*—Where a city ordinance prohibits bicycle riding on the sidewalks of a certain territory, the presumption is that such territory contained sidewalks of the kind that the city might lawfully exercise jurisdiction over.    p. 585.

8. SAME.—*Enforcement of Laws.*—*Liability for Failure.*—*Sidewalks.*—*Bicycles.*—A city is not liable for its failure to enforce the laws, or for an *intra vires* act done in its legislative capacity; and is therefore not liable to a pedestrian struck by a bicycle rider who is unlawfully using its sidewalk.    p. 586.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by Edwin P. Millett against the City of Princeton. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Cullop & Shaw* and *Fields & Harmon,* for appellant.

*John W. Brady,* for appellee.

GILLETT, J.—Appellant appeals from a judgment which followed the sustaining of a demurrer for want of facts to his complaint. The action was to recover damages for personal injuries alleged to have been sustained by appellant by being run over by a bicycle wrongfully ridden by another along a sidewalk on one of the streets of said city. Appellee is sought to be charged on the theory that by ordinance it wrongfully licensed the riding of bicycles along its sidewalks. Two ordinances are pleaded. The first was passed in 1896. Section three thereof provides that it shall be unlawful for any person to ride a bicycle on any sidewalk of any street within the corporate limits of said city at a greater rate of speed than six miles an hour, while section four makes provision concerning the conduct of persons riding bicycles upon any sidewalk of said city when overtaking or passing a pedestrian. The other ordinance, which was passed in 1897, prohibits the riding of a bicycle along any sidewalk within certain prescribed limits of said city. It is charged that appellant was injured, while walking along a sidewalk on West Emerson street in said city, by a bicycle rider, who was negligently riding along said sidewalk at a dangerous and rapid rate of speed, to wit, twenty miles per hour, and that said bicycle rider was riding along said sidewalk pursuant to the authority of the ordinance of 1896. It is also alleged that at the time of the passage of said ordinance, and ever since that time, there were and are in the streets of said town many sidewalks constructed of stone, brick, plank, or gravel, and many sidewalks constructed of other materials, but that the sidewalk on which

appellant was injured was constructed of stone and brick, and that it was without the limits of the territory described by the ordinance of 1897. It is further charged that from and after the passage of said ordinances it has been the practice of bicycle riders generally to ride upon the sidewalks of said city without said territory at a rapid and dangerous rate of speed, and to such an extent as to make the sidewalks dangerous to pedestrians and the practice a common nuisance, but that the city, knowing said facts, has continued said ordinances in force, and has treated them in all respects as legal and binding.

Riding along a stone, brick, plank, or gravel sidewalk on a city street is a misdemeanor. §4398 Burns 1901, §3361 R. S. 1881; *City of Indianapolis* v. *Higgins* (1895), 141 Ind. 1; *Town of Whiting* v. *Doob* (1899), 152 Ind. 157. Section 1709 Burns 1901, §1640 R. S. 1881, provides: "Whenever any act is made a public offense against the State by any statute and the punishment prescribed therefor, such act shall not be made punishable by any ordinance of any incorporated city or town; and any ordinance to such effect shall be null and void." Under the section of statute first referred to, the jurisdiction of cities to regulate the riding of bicycles along sidewalks is limited to sidewalks constructed of materials other than stone, brick, plank, and gravel. *Town of Whiting* v. *Doob, supra.*

The complaint before us suggests the possibility that upon inquiry a number of structural weaknesses might be found therein, but we shall express an opinion upon only one or two of the suggested questions.

The charge that the bicycle rider whose negligence caused appellant's injury was riding on the sidewalk pursuant to the ordinance of 1896 means no more—since the presumption is against the pleader—than that he was doing so agreeably to the provisions of said ordinance. The so-called license, then, it must be pre-

sumed, is built upon an assumption that the bicycle rider did in fact know the law, and that it should therefore be intended that he was acting under said ordinance. While there is no doubt that he could not avoid a legal lia-4. bility by the plea that he was ignorant of the law, yet the assumption for all purposes that he did in fact know it is a perversion of the maxim, *"Ignorantia juris non excusat."* *Daily* v. *Board, etc.* (1905), 165 Ind. 99. But, if we were to assume that constructively he knew of the ordinance, it would also follow, by the same token, that he was chargeable with a knowledge of the laws 5. of the State, under which it was incompetent for the municipality to license him to ride along any stone, brick, plank, or gravel sidewalk. In this view it would have to be said that appellee's ordinances did not afford said bicycle rider even a colorable excuse for violating the laws of the State.

The ruling of the court below may, however, be upheld, so far as the facts averred are concerned, on the theory that, as a matter of interpretation, it must be said that 6. the ordinance of 1896 did not attempt to license riding along sidewalks composed of the materials mentioned in §4398, *supra.* It is a maxim of the law that general words are to be restrained according to the nature of the thing (Bacon, Max. Reg., 10; Wharton, Legal Maxims, 207), and, to the extent that said ordinance impliedly licensed riding along sidewalks, it should be assumed that it was intended to apply to walks over which the council had jurisdiction, that is, to walks made of other materials than stone, brick, plank, and gravel, many of which, according to the averments of the complaint, were composed of such other materials.

The contention that the ordinance of 1897, prohibiting all bicycle riding within designated limits, shows 7. by implication that it was the intent in enacting the ordinance of 1896 to authorize riding on side-

walks made of stone, brick, plank, or gravel, is a most remote one—one that can scarcely be said to be sufficiently strong to make the city a tort feasor as against the general presumption in favor of right action. But it is enough to say concerning the ordinance of 1897 that it does not appear what kinds of sidewalks were within the territory to which it related, but it may be presumed that such sidewalks were of such a character that the common council might lawfully legislate concerning them. So far as concerns the remaining allegations of the complaint, as to the practice of bicycle riders, it is enough to say that the city is not liable for a failure to enforce the laws, or for an *intra vires* act done in its legislative capacity. *Faulkner* v. *City of Aurora* (1882), 85 Ind. 130, 44 Am. Rep. 1; *City of LaFayette* v. *Timberlake* (1882), 88 Ind. 330; *Aiken* v. *City of Columbus* (1906), *ante,* 139. The complaint is clearly insufficient, and the court did not err in sustaining a demurrer to it.

Judgment affirmed.