## THE STATE OF INDIANA, EX REL. DRUDGE, *v.* DAVISSON, SURVEYOR.

[No. 21,768. Filed November 29, 1910.]

1. NEW TRIAL.—*Grounds.*—*"Judgment" Not Sustained by Evidence, or Contrary to Law.*—*Appeal.*—That the "judgment" is not sustained by sufficient evidence, or is contrary to law, does not constitute a ground for a new trial    pp. 706, 707.

2. JUDGMENT.—*Motion to Modify.*—A judgment imperfect in form or substance, can be reached only by a motion to modify.   p. 706.

3. APPEAL.—*Weight of Evidence.*—*Assignments of Errors.*—The only way to present the question of the sufficiency of the evidence, on appeal, is to assign error on the overruling of a motion for a new trial alleging such insufficiency as a ground therefor.  p. 707.

4. APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting oral evidence, or any evidence, where the Supreme Court is not in as good a position to weigh it as the trial court.  p. 707.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by the State of Indiana, on the relation of Jere Drudge, against A. Clinton Davisson, as county surveyor of Fulton county. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Rowley & Mattice,* for appellant.
*J. H. Bibler* and *Holman & Stephenson,* for appellee.

HADLEY, J.—In a regular proceeding, the relator entered into a contract with appellee, as county surveyor, to clean out a part of an established public ditch. The relator, claiming to have completed the job according to the contract, demanded approval, acceptance and payment, which were refused, on the ground that the work was not performed as required by the contract. Whereupon, the relator brought mandamus to enforce, against appellee, an approval and payment. The only issue tried was whether the work had been accomplished in accordance with the contract. The trial was before the court. Many witnesses

were called and examined by both parties, and there was a finding and judgment against relator. The latter assigned the following reasons for a new trial: "(1) The judgment is not sustained by sufficient evidence. (2) The judgment is contrary to law." The motion for a new trial was overruled, and in this court relator makes the following assignments of errors: (1) The court erred in overruling appellant's motion for a new trial. (2) The judgment appealed from is not fairly supported by the evi-dence. (3) The decision of the court is not fairly sup-ported by the evidence. (4) The judgment appealed from is clearly against the weight of the evidence. (5) The de-cision of the court is clearly against the weight of the evi-dence.

As contended by appellee, these assignments are insuffi-cient to present any question to this court. As to the causes assigned for a new trial: The complaint is not addressed to the finding of the court, as the statute contemplates (§585 Burns 1908, §559 R. S. 1881), but to the judgment based upon that finding. The important distinction between the two seems to have been overlooked. A finding of the court, or verdict of the jury, may be fully sustained by the evi-dence, and the judgment rendered upon that finding, or verdict, be erroneous. Such an occurrence is not infre-quent. Hence, our code of procedure requires that the remedy for an imperfect finding upon the facts in issue must be sought by a motion for a new trial, thus to give the trial court, upon a review, an opportunity to cor-rect the error, and the remedy for an imperfect judg-ment rendered upon the facts found must be sought by a motion to modify it. A new trial of the cause can ef-fect no relief in cases where the imperfection complained of is rooted in the form or substance of the judgment.

Section 585, *supra*, enumerates eight causes for which a new trial may be granted, but we find no sanction in any

of them for entertaining those presented by appellant. Such has been the unvarying ruling of this court. *Hall* v. *McDonald* (1908), 171 Ind. 9; *Migatz* v. *Stieglitz* (1906), 166 Ind. 361; *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675; *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338; *Rodefer* v. *Fletcher* (1883), 89 Ind. 563; *Rosenzweig* v. *Frazer* (1882), 82 Ind. 342; *Hubbs* v. *State, ex rel.* (1898), 20 Ind. App. 181.

Assignments numbered two, three, four and five are unknown to the statute, and cannot be recognized as independent assignments of error. The questions they seek to invoke can reach this court only through the medium of a motion for a new trial. *Van Buskirk* v. *Stover* (1904), 162 Ind. 448; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552; *Migatz* v. *Stieglitz, supra; Parkison* v. *Thompson* (1905), 164 Ind. 609.

We will say, however, in passing, with respect to the duty of this court to weigh oral evidence, that relator plainly misapprehends the holding in the case of *Parkison* v. *Thompson, supra.* The doctrine of that case, and which has been subsequently followed in the cases of *Ray* v. *Baker* (1905), 165 Ind. 74, *Seiberling & Co.* v. *Porter* (1905), 165 Ind. 7, *Karges Furniture Co.* v. *Amalgamated, etc., Union* (1905), 165 Ind. 421, 2 L. R. A. (N. S.) 788, and *Tinkle* v. *Wallace* (1906), 167 Ind. 382, is to the effect that, in cases where there is a substantial conflict in the testimony, this court will not undertake to weigh oral evidence, or evidence of any character, where the court cannot be placed in as favorable a situation as the trial court to weigh it correctly.

Judgment affirmed.