## BOWMAN v. COOK ET AL.

[No. 7,480. Filed February 23, 1912.]

1. APPEAL.—*Assignments of Errors.*—The assignment of errors is the complaint on appeal, and, to be sufficient, must definitely point out the alleged errors. p. 509.

2. APPEAL.—*Assignments of Errors.*—*Separate Demurrers.*—*Joint Assignments.*—An alleged error by the plaintiff that the "court erred in sustaining the demurrer of appellees to the amended complaint of appellant," presents no question, where the sole demurrer filed was by one only of the appellees. p. 509.

From Bartholomew Circuit Court; *Marshall Hacker,* Judge.

Action by Oscar W. Bowman against George S. Cook and others. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Francis T. Hord, James F. Cox, John W. Donaker* and *Ralph H. Spaugh,* for appellant.

*John W. Morgan* and *Weldon Lambert,* for appellees.

IBACH, P. J.—The sole assignment of error is that the "court erred in sustaining the demurrer of appellees to the amended complaint of appellant", thus assigning

1. error in sustaining appellees' joint demurrer to the amended complaint. The record shows that the only demurrer filed to the amended complaint was that of defendant George S. Cook, which the court sustained. The assignment of errors is the complaint on appeal, and in order to be sufficient must specifically and certainly point out the errors alleged, and must correspond to the record.

2. The present assignment is not sustained by the record, and it nowhere appears that the court made any such

ruling as is assigned as error. Under authority of the following cases, we must hold that appellant has by his assignment presented no question for our decision, and we must affirm the judgment: *State, ex rel.,* v. *Lung* (1907), 168 Ind. 553; *Ketcham* v. *Barbour* (1885), 102 Ind. 576; *Baldwin* v. *Sutton* (1897), 148 Ind. 591; *Singer* v. *Tormoehlen* (1898), 150 Ind. 287; *Robbins* v. *Masteller* (1897), 147 Ind. 122; *Popijoy* v. *Miller* (1892), 133 Ind. 19; *May* v. *State* (1895), 140 Ind. 88.

In order to satisfy ourselves as to whether appellant would lose any substantial rights through what may seem merely a technicality, we have read the briefs of the parties, and are convinced that if the sufficiency of the amended complaint were before us, the decision of the lower court would have to be followed, since the amended complaint purports to set out a cause of action for money paid under circumstances amounting to duress of property, and upon that theory it is quite apparent that such amended complaint is not sufficient in its present form.

Judgment affirmed.