## HARTING *v.* VANDALIA COAL COMPANY.

[No. 7,856. Filed April 3, 1912.]

1. APPEAL.—*Reservation of Grounds.—Joint Exceptions to Several Acts.—Error Assigned Only on One Act.*—Where, for the purpose of reconsidering its ruling on a demurrer to the complaint, the trial court set aside the submission of a cause to the jury, reconsidered its ruling on such demurrer and sustained the same, to all of which acts the record shows a joint exception, the setting aside of the submission and the further consideration of the demurrer were but preliminary steps to the ruling on the demurrer, which, if erroneous, was the one act harmful to the plaintiff, so that an assignment of error based only upon the ruling on the demurrer properly presented the question of the sufficiency of the complaint on appeal. pp. 99, 101.

2. APPEAL.—*Reservation of Grounds.—Exceptions in Gross.—Assignment of Error.*—The rule in regard to exceptions in gross has been somewhat relaxed from its former strictness, but not to the extent of abrogating the rule that, where there is a joint exception to several distinct acts or conclusions of the court upon which error may be predicated, clearly shown by the record, an assignment of error as to one of such acts presents no question on appeal. p. 100.

3. MASTER AND SERVANT.—*Coal Mines.—Injury to Servant.—Action—Complaint.*—In an action by the widow of a coal mine employe against the master for the husband's wrongful death, where the theory of the complaint is that of negligence in failing to perform the duty enjoined by the statute (§8597 Burns 1908, Acts 1907 p. 253) to make the mine safe as therein specified, the complaint must state a cause of action within the provisions of the statute. p. 104.

4. PLEADING.—*Complaint.—Construction.—Inferences.*—The court will not indulge in inferences and speculation in support of a complaint, nor will it thus destroy the effect of direct and positive averments to render an otherwise good complaint insufficient. p. 104.

5. MASTER AND SERVANT.—*Coal Mines.—Injury to Servant.—Complaint.—Sufficiency.*—In an action to recover for the wrongful death of a coal mine employe, caused by falling rock and slate from the roof of a mine entry, where the complaint averred that decedent was employed as a "jerryman", whose duty it was to clean up loose slate, rock and debris from the various entries and rooms of the mine, to assist in putting cars on the track in the entries of the mine and to lay track in said mine and to per-

form any other services when ordered by the mine boss so to do, and that by reason of defendant's failure to make the roof or overhead portions of the mine 'safe, the injury occurred, the proximate cause of the injury is shown to have been the defendant's failure to perform its statutory duty of making the roof or overhead portions of the mine safe, and the complaint was not insufficient as against a demurrer based on the theory that it showed an assumption of risk by the decedent.  p. 105.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by Lena Harting against the Vandalia Coal Company.  From a judgment for defendant, the plaintiff appeals.  *Reversed.*

*John A. Riddle* and *Gilbert H. Hendren, Jr.,* for appellant.

*John T. Hays* and *Will H. Hays,* for appellee.

FELT, C. J.—Appellant brought this action against the appellee in the Greene Circuit Court to recover damages for the death of her husband while in the employ of appellee.

A demurrer to appellant's amended complaint was overruled, and a change of venue taken to the Knox Circuit Court.  After the trial was begun, the case was taken from the jury, the ruling on the demurrer to the amended complaint reconsidered, and the demurrer sustained.  Appellant refused to plead further, and now appeals from the judgment rendered against her.

The error assigned and relied on is "sustaining the demurrer to the amended complaint."  Appellee insists that the assignment presents no question for decision by this court.  The record entry showing appellant's exception to the ruling on the demurrer is as follows: "This court now sets aside the submission of this cause to the jury and reconsiders the former ruling, overruling the demurrer to the amended complaint, and this court now sustains said demurrer to the amended complaint herein, to all of which the plaintiff objects and excepts."

It is the contention of appellee that the setting aside of

the submission of the cause to the jury, the reconsideration of the ruling on the demurrer to the amended complaint, and the sustaining of said demurrer constitute three separate affirmative acts of the court; that appellant's exception is joint, and her separate assignment of error presents no question.

2. The rule in regard to exceptions taken in gross has been somewhat relaxed from its former strictness, and a more liberal rule is now applied.

In *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 78 N. E. 845, several defendants joined in a separate and several demurrer, which was overruled, "to which ruling of the court the defendants object and except." On appeal, each made a separate assignment of error, which was questioned, but held sufficient, and some former decisions holding to the contrary disapproved. On page 609 the court said: "In identifying the question appealed, it is plain that the rules of procedure should be strictly construed, in fairness to the trial court, if for no better reason, but, as in this case, when two or more persons desire to take the same step, but to act separately, and for convenience unite in presenting one paper, and the court by a single action rules against all, the exceptions to the ruling as recorded by the clerk should be liberally construed with a view of according an appropriate exception to each exceptor. And such exception should be allowed unless incompatible with the record. When an appellant excepts to a ruling for the purpose of presenting it to a court of review, it should at least be presumed that his exception was intended to be in the capacity and relation that would make it effective."

In *Honey* v. *Guillaume* (1909), 172 Ind. 552, 555, 88 N. E. 937, it is stated: "It may be said, with respect to such matters, that, when the record clearly shows what was intended by the court and parties, a party cannot be deprived of his right of exception by the inapt use of words by the court in announcing a ruling, or the clerk in recording the

same. *Whitesell* v. *Strickler* (1907), 167 Ind. 602 [78 N. E. 845], 119 Am. St. 524; *Bessler* v. *Laughlin* (1907), 168 Ind. 38 [79 N. E. 1033]; *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671 [80 N. E. 529], 14 L. R. A. (N. S.) 418.''

The question in the case at bar is different from that in the foregoing cases, but the principle involved is the same, and the liberal rule announced is equally applicable here. In some of those cases it was a question of an apparent joint exception by several parties and a separate assignment of error by each; while here it is a question of an apparent joint exception to several acts followed by an assignment based on only one of those acts.

We do not understand the foregoing cases to abrogate the rule that where there is a joint exception to several distinct acts or conclusions of the court on which error may be predicated, clearly shown by the record, that an assignment of error as to one of such acts presents no question on appeal. *Davis* v. *Seybold* (1901), 27 Ind. App. 510, 61 N. E. 743; *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 616, 40 N. E. 62; *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 34 Ind. App. 324, 72 N. E. 666.

The rule still holds that it is the same questions that were ruled on by the trial court, presented here in substantially the same way, that are reviewable on appeal.

But the later decisions are not so exacting in holding strictly to form, where the court can from the record ascertain that the assigned error does in fact present the

1. identical question ruled on by the trial court, though defective in statement. In this case it is apparent from the record that the ruling upon the demurrer was the one act of the court to which exception was taken and relied upon as error by appellant and that it was so understood by appellee.

The withdrawal of the submission and the further consideration of the demurrer, were but preliminary steps to

the ruling upon the demurrer. We do not hold that error may not in some instances be predicated on the action of the court in setting aside the submission of a cause after trial has begun, but here there is nothing in the order-book entry showing the action of the trial court and appellant's exception thereto, to indicate any act harmful to appellant other than that of sustaining the demurrer, unless it be the form or inapt language of the entry. Form without substance is of no avail. Here no reason appears for setting aside the submission, except that it was a proper preliminary step to the ruling on the demurrer, which act, if erroneous, was the one harmful to appellant.

We therefore hold that the assignment presents the question of the sufficiency of the amended complaint.

The amended complaint charges in substance that appellee is, and was on February 6, 1907, an Indiana corporation engaged in the business of mining coal; that it had in its employ more than ten men; that one of its said employes was Charles Harting, who was the husband of appellant; that he was so employed and worked as a "jerryman," "whose duty it was to clean up loose slate, rock and debris, from the various entries and rooms of said mine, to assist in putting cars on the track in the entries of said mine wherever they would run off the same and to lay track in said mine and to perform any other services when ordered by the defendant's mine boss so to do." That it was the duty of the defendant, by and through its mine boss, to see that all loose coal, slate and rock overhead in the entries in its said mine, wherein the miners of said defendant, including said Harting, had to travel to and from their work, were taken down or carefully secured, and to see that the various working places and traveling ways of its servants in said mine were reasonably safe and free from danger of slate and rock falling; that appellee wholly failed so to do, and negligently failed and neglected to place sufficient props, crossbars or other artificial support under such slate and rock in the

entry and passageway into which said Harting was sent by the boss in charge of said mine; that on said day while said Harting was in the employ of said defendant, he was ordered by appellee's mine boss to go through a certain entry in said mine, to clean up certain rock which had fallen therein in another and distant part of said mine; that while passing through said entry, in obedience to said order, a large amount of rock and slate in the roof of said entry suddenly gave way, caved in and fell upon said Harting thereby instantly killing him; that said Harting's death was caused wholly by the fault and negligence of appellee in failing to perform its said duty and see that all loose coal, slate and rock overhead in said entry, into which said Harting was sent, as aforesaid, were taken down or carefully secured, and while he was in the exercise of due care and caution; that there was nothing in the appearance of said roof to indicate to said Harting the immediate danger of the same falling on him; that the roof of said entry where said Harting was killed, as aforesaid, could have been propped or made secure without interfering with the free use of the same.

Appellee contends that the amended complaint is insufficient, because it shows that decedent was employed as a "jerryman," "whose duty it was to clean up," etc.; that the duty of the boss to make the mine safe, as required by the statute (Acts 1905 p. 65, §§11, 12, §§8579, 8580 Burns 1908) is performed by and through a "jerryman"; that decedent's duty under his employment was that of making the mine safe for other employes, and he therefore assumed the risk incident to such employment, and his widow cannot, on that account, recover in this action; that she does not come within the provisions of the statute; that the complaint is bad because its averments are in the form of recitals.

The theory of the complaint is that of negligence in failing to perform the duty enjoined by the statute, to make the

mine safe as therein specified. To be sufficient against the demurrer it must appear that appellant's complaint states a cause of action within the provisions of the statute. §8597 Burns 1908, Acts 1907 p. 253; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 297, 75 N. E. 270; *Zeller, McClellan & Co.* v. *Vinardi* (1908), 42 Ind. App. 232, 237, 85 N. E. 378; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 421, 73 N. E. 899.

Without discussing the complaint in detail, it may be conceded that it contains some recitals and unnecessary repetitions, but after eliminating the recitals, it still contains a sufficient charge of the violation of a statutory duty by appellee.

The contention most earnestly presented and relied on to show its insufficiency is that the facts averred show that the decedent by his employment assumed the particular risk which caused his death. Appellee asserts "that Harting's employment was that of making safety for the miners, * * * that of a 'jerryman' * * * not under the protection of the statute." Appellee lays great stress upon the duties of a "jerryman," and contends that such employe "is engaged always and at all times and everywhere in making and keeping places safe."

The proposition of law relied on by appellee is not disputed. The question therefore depends on the effect and meaning of the averments of the complaint relative to the employment and duties of decedent.

This court cannot judicially know that the duties of a "jerryman" include all that appellee asserts. The term has no generally defined meaning warranting such conclusion, and the complaint states definitely what his duties were in this case. These averments show that he was employed to clean up coal, rock and debris after they were down, and there is no averment that shows that he was employed to do anything necessary to make the roof or over-

head portions of the mine safe. To give the complaint the meaning appellee reads into it, requires us to indulge in inference and speculation as to the duties of a "jerryman". This we cannot do in support of a complaint, nor can we, by inference, destroy the effect of direct and positive averments, to render an otherwise good complaint insufficient.

The complaint shows the proximate cause of the death of appellant's husband to have been the failure of appellee to perform the statutory duty of making the roof or upper portion of the entries or passageways of the mine, safe, and does not show that decedent's employment required him to perform this kind of work, or that he was so engaged when killed. The averments show that he lost his life by the falling of the insecure overhead rock and coal in the entry through which he was passing while discharging the duties of his employment.

We therefore conclude that the complaint does not show that decedent, by his employment, assumed the risk due to the unsafe and insecure condition of the overhead portions of the entries in the mine in which he was employed, and the demurrer thereto should have been overruled. *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 62 N. E. 492, 92 Am. St. 319; *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 606, 88 N. E. 69; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 114, 88 N. E. 1073, 89 N. E. 485; *Paul Mfg. Co.* v. *Racine* (1909), 43 Ind. App. 695, 699, 88 N. E. 529.

The other grounds mentioned by appellee, for affirmance of the judgment, are purely technical and insufficient.

The judgment is therefore reversed, with instructions to the lower court to overrule the demurrer to the amended complaint, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 98 N. E. 132. See, also, under (1) 2 Cyc. 989; (2) 2 Cyc. 986, 988; (3) 13 Cyc. 340; (4) 31 Cyc. 78; (5) 26

Cyc. 1397. As to liability of a mine owner incurred through his negligence in case of injury to his servant, see 87 Am. St. 579. As to the liability of a mine owner to a servant for injuries caused by the falling of the roof of the mine, see Ann. Cas. 1912B 577.