## SOLTWEDEL ET AL. v. GARTNER ET AL.

[No. 7,931.   Filed November 7, 1913.]

1. APPEAL.—*Assignment of Errors.—Waiver.*—Assignments of error questioning the sufficiency of the complaint are waived by appellant's failure to point out any specific objection to either paragraph thereof. p. 508.

2. ADVERSE POSSESSION.—*Acquisition of Title.—Question of Fact.*—While a good title may be acquired by adverse possession under a claim of ownership, the question of whether such title has been acquired is one of fact. p. 508.

3. APPEAL.— *Review.— Evidence.— Weight and Sufficiency.*— The court on appeal will not weigh conflicting evidence. p. 508.

From Lake Superior Court; *Joseph H. Conroy*, Special Judge.

Action by John Gartner and others against Anna M. Soltwedel and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*McAleer Bros.*, for appellants.

*Daniel E. Kelly* and *John M. Stinson*, for appellees.

FELT, J.—Appellees brought suit to quiet title to a lot in the city of Hammond, Indiana. Appellants, who were defendants below, filed a cross-complaint to quiet their title to the same lot. The court found for the plaintiffs on their complaint and against the defendants on their cross-complaint, and rendered judgment accordingly.

The assignments of error question the sufficiency of the complaint, but appellants have failed to point out any specific objection to either paragraph thereof, and the

error, if any, in overruling the demurrer thereto, is therefore waived. *Pittsburgh, etc., R. Co.* v. *Terrell* (1912), 177 Ind. 447, 457, 95 N. E. 1109, 42 L. R. A. (N. S.) 367; *Wellington* v. *Reynolds* (1912), 177 Ind. 49, 55, 97 N. E. 155. Several of the attempted assignments of error present no question, but the same questions that were apparently attempted to be raised by such assignments are presented by the motion for a new trial, the overruling of which is properly assigned as error. *State, ex rel.* v. *Davisson,* (1910), 174 Ind. 705, 707, 93 N. E. 6. The only question presented by the briefs, on which appellants rely, relates to the sufficiency of the evidence, under that part of the motion for a new trial which alleges that the decision of the court is not sustained by sufficient evidence.

The plaintiffs claim title by inheritance from their father, Charles Gartner, who, it is alleged, had a perfect record title with the exception of a clerical error in the deed by which his name was stated as "Gardner" instead of "Gartner." Defendants claimed title by adverse possession for over twenty years. We have read the evidence and find that it is ample to support the decision of the lower court. While there is some conflict on the question of the possession and use of the lot, much of the testimony strongly supported the contention of plaintiffs that they not only have a record title, but that they and their ancestor had the possession and use of the property without dispute until shortly before the beginning of this suit. The contention of appellants that a good title may be acquired by adverse possession under a claim of ownership is sound, but the question here presented is one of fact. On this issue the decision was against appellants, and it is a well established rule that this court will not weigh the evidence when conflicting. No reversible error has been pointed out. Judgment affirmed.

NOTE.—Reported in 103 N. E. 18. See, also, under (1) 2 Cyc. 989; (2) 1 Cyc. 1153; (3) 3 Cyc. 349. As to status of title by adverse possession, see 132 Am. St. 1022.