## Johnson *v.* Citizens State Bank et al.

[No. 9,035.    Filed December 11, 1914.]

1. APPEAL.—*Assignment of Errors.—Sufficiency.*—An assignment of error in "the ruling of the court in favor of appellees on their demurrer filed against appellant's complaint and holding appellant was not entitled to the relief therein claimed", was, in view of the facts disclosed by the record, so indefinite and uncertain that the court could not determine upon what it was sought to predicate error, and hence no question was presented thereby. p. 349.

2. APPEAL.—*Assignment of Errors.—Questions Presented.—Overruling Motion for New Trial.*—Although an assignment of error in the overruling of a motion for new trial is sufficient upon its face, no question is thereby presented, where the motion contains none of the recognized causes for a new trial. p. 350.

3. NEW TRIAL.—*Grounds.*—Errors in sustaining the demurrer to a complaint, in rendering judgment for defendant, and in rendering judgment against plaintiff, are not causes for a new trial. p. 350.

4. APPEAL.—*Review.—Motion for New Trial.—Necessity.*—Where, following the sustaining of a demurrer to the complaint and plaintiff's refusal to plead further, judgment was rendered that plaintiff take nothing by his complaint and against him for costs, there was no ground for a new trial, and the only available error, if any, was the ruling on the demurrer. p. 351.

5. APPEAL.—*Presenting Questions for Review.—Taxation of Costs.*—The question of taxation of costs can not be raised for the first time on appeal, but should be presented to the lower court by a motion to retax, and then the ruling thereon, if unsatisfactory, may be assigned as error on appeal. p. 351.

6. APPEAL.—*Assignment of Errors.—Defective Assignments.—Disposition of Cause.—Dismissal.*—Where the assignment of errors is so defective as not to present any question affecting the validity of the judgment of the lower court, a dismissal of the appeal should follow, rather than an affirmance of the judgment, since the judgment, in legal contemplation, can not be said to have been challenged. p. 351.

From Huntington Circuit Court; *William D. Hamer,* Special Judge.

Action by Albert B. Johnson against the Citizens State Bank and others. From a judgment for defendants, the plaintiff appeals. *Appeal dismissed.*

*T. G. Smith* and *B. M. Cobb,* for appellant.

*C. W. Watkins* and *W. A. Branyan,* for appellees.

FELT, J.—The appellees have moved to dismiss this appeal on the ground that there is no assignment of error which presents any question for the decision of the court.

1.  The first assignment alleges error in "the ruling of the court in favor of appellees on their demurrer filed against the appellant's complaint and holding appellant was not entitled to the relief therein claimed." The record shows that a demurrer to appellant's complaint was overruled and that after obtaining said ruling in his favor appellant filed an amended complaint, to which a demurrer was addressed for insufficiency of the facts alleged to state a cause of action. This demurrer was sustained and the appellant failing and refusing to plead further elected to stand on his amended complaint. Judgment was rendered that he take nothing by such complaint and against him for costs. He appeals and assigns error as above shown.

The fact that the first ruling on the demurrer was in appellant's favor and that notwithstanding such ruling he filed an amended complaint would indicate that he concluded he could not obtain the relief he desired on such complaint, or at least, that for some reason he was not satisfied to go to trial on his original complaint. The form of the assignment of errors is peculiar in that it does not refer to either the sustaining or overruling of the demurrers, but to the ruling of the court in favor of appellees on their demurrer to the "complaint and holding appellant was not entitled to the relief therein claimed". The latter part of the specification of error indicates that appellant in making the assignment sought to present some question other than the ruling against him on the demurrer to the amended complaint. The record contains both the original and amended complaints and the demurrers and rulings thereon. While the effect of filing an amended complaint is to take the original out of the case, yet considering the form of the assignment

and all the facts disclosed by the record, this court is uncertain as to whether appellant sought to present error on the ruling of the court in sustaning the demurrer to his amended complaint, or some failure to grant him all the relief he sought to obtain on his original complaint. In any view we are able to take of the assignment it is so indefinite and uncertain that it does not comply with the statute and rules of the court which require each specification of error to point out definitely and with certainty a single alleged error of the lower court, shown by the record, which entitles him to the judgment of this court thereon. Among the cases showing the insufficiency of the first specification of error we cite the following: *Bowman* v. *Cook* (1912), 49 Ind. App. 509, 97 N. E. 553; *Weaver* v. *Apple* (1897), 147 Ind. 304, 46 N. E. 642; *Scott* v. *Lafayette Gas Co.* (1908), 42 Ind. App. 614, 616, 86 N. E. 495; *Town of Whiting* v. *Dobb* (1899), 152 Ind. 157, 52 N. E. 759; *Spitzer* v. *Miller* (1905), 35 Ind. App. 116, 73 N. E. 833; *Spitzer* v. *Wright* (1905), 36 Ind. App. 558, 76 N. E. 261; *Hayes* v. *Locus* (1906), 37 Ind. App. 104, 76 N. E. 649; *Johnston Glass Co.* v. *Lucas* (1905), 34 Ind. App. 418, 419, 72 N. E. 1102; *Walter A. Wood, etc., Mfg. Co.* v. *Angemeier* (1912), 51 Ind. App. 258, 99 N. E. 500; *Shriver* v. *Montgomery* (1914), 181 Ind. 108, 103 N. E. 945; Ewbank's Manual §§127, 235; Elliott, App. Proc. §§299, 300, 308, 309.

The second assignment of error, that the court erred in overruling appellant's motion for a new trial, on its face would present a question, if the motion for a new trial contained any cause for a new trial recognized by our statute. The grounds relied upon for a new trial are, (1) error in sustaining the demurrer to the complaint, (2) error in rendering judgment in favor of the defendants, and (3) error in rendering judgment against the plaintiffs. None of the specifications of the motion state a cause for a new trial. §585 Burns 1914, §559 R. S. 1881; *Over* v. *Dehne* (1906), 38 Ind. App. 427,

431, 75 N. E. 664, 76 N. E. 883; *State, ex rel.* v. *Davisson* (1910), 174 Ind. 705, 706, 93 N. E. 6; *Bradford* v. *Wegg* (1914), 56 Ind. App. 39, 102 N. E. 845. We may add,

4. however, that on the facts shown by this record there was, and could be, no ground for a new trial, and the only available error, if any, was the ruling on the demurrer to the amended complaint.

The third and last specification of error is, "that the court erred in taxing the costs of the suit against appellant".

This assignment seeks to raise the question of the tax-

5. ation of costs for the first time in this court. The question of taxation of costs is properly raised by motion to retax presented to the trial court. If the motion is overruled, then to present the question for decision on appeal, it should be assigned that the court erred in overruling the motion to retax the costs. §663 Burns 1914, Acts 1903 p. 338; *Chase* v. *Arctic Ditchers* (1873), 43 Ind. 74, 77; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 13, 40 N. E. 128.

Where the assignment of errors is so defective and indefinite as not to present any question relating to the merits of the appeal, Should the appeal be dismissed? In

6. *Hayes* v. *Locus, supra,* this court said: "the assignment of errors being so defective as not to present any question upon the merits, the appeal upon final hearing would be dismissed by the court without any motion therefor." Elliott in his Appellate Procedure (Elliott, App. Proc. §308, note 4) says: "A disregard of a rule of the court, or of the law, requiring errors to be specified in a designated mode will justify a dismissal of the appeal." He also states that the usual practice in this State is to dismiss the appeal though in some instances the judgment of the lower court has been affirmed because of a defective assignment of errors which presented no question relating to the merits of the controversy.

Our examination of the cases leads to the conclusion that

the practice has not been uniform. Where, however,. the specifications in the assignment of errors are so defective as to enable the court to know from an examination of such assignment and of the record in the case that no question is presented affecting the validity of the judgment of the lower court, the better reason seems to favor a dismissal of the appeal rather than an affirmance of the judgment.

The assignment of errors has been held to be the complaint on appeal. To it the court of appellate jurisdiction must look to determine what questions, if any, are presented for its consideration and decision. Preliminary to the consideration of any questions relating to the merits of the appeal, it is the duty of the court first to pass upon the facts from which its own jurisdiction 'or want of jurisdiction to decide the case upon its merits, is determined. If from such examination the court finds that under the statute and rules of the court no question affecting the validity of the judgment of the lower court is duly presented, the appeal should be dismissed. The presumption is in favor of the regularity of the proceedings, and of the validity of the judgment below. This presumption is conclusive until error is pointed out in accordance with the requirements of our appellate procedure.

Where the appellate tribunal finds that no question affecting the validity of the judgment of the lower court is duly presented, the validity of such judgment, in legal contemplation, has not been challenged, notwithstanding an attempt has been made so to do. The judgment remains effective and in the same situation it would have been, had no assignment of errors, of any kind, been filed within the time allowed by law to perfect an appeal. As dealing with questions bearing some analogy to the question here decided, we cite the following: Ewbank's Manual §124 *et seq.;* Elliott, App. Proc. §299, *et seq.; Estate of Thomas* v. *Service* (1883), 90 Ind. 128; *Smythe* v. *Boswell* (1888), 117 Ind. 365, 20 N. E. 263; *Lawrence* v. *Wood* (1890), 122 Ind. 452, 24 N. E.

159; *Jenkins* v. *Steele* (1913), 55 Ind. App. 11, 103 N. E. 365, 367, and cases cited; *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73; *Harting* v. *Vandalia Coal Co.* (1912), 50 Ind. App. 98, 98 N. E. 132. The appeal is dismissed.

Note.—Reported in 107 N. E. 35. As to how far amendments are allowable to alter or vary the cause of action, see 34 Am. Dec. 158; 51 Am. St. 414. See, also, under (1) 2 Cyc. 989; (2) 2 Cyc. 1000; (3) 29 Cyc. 761; (4) 29 Cyc. 757; 2 Cyc. 1000; (5) 11 Cyc. 167; (6) 3 Cyc. 185.